Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
sean@markmausertlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MISTY CARTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRIS NEVADA, P.C. dba NEVADA REAL ESTATE GROUP, EXP REALTY, LLC, and CHRIS NEVADA,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW plaintiff, through counsel, who hereby complains of defendants Chris Nevada, P.C. dba Nevada Real Estate Group (hereinafter "Group"), eXp Realty, LLC (hereinafter "eXp"), and Chris Nevada, via this Complaint and Jury Demand as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1.  Plaintiff is a woman and resides in northern Nevada. All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, at the Group's place of business in Reno, Nevada. Plaintiff hereby requests a jury trial relative to all issues so triable. Plaintiff has obtained a Notice of Right to Sue, dated November 9, 2023, from the Equal Employment Opportunity Commission, i.e., plaintiff has exhausted administrative

COMPLAINT AND JURY DEMAND - 1

remedies in accord with federal law. This Complaint and Jury Demand is timely filed in accordance with the Notices of Right to Sue which accompany this Complaint and Jury Demand and is incorporated herein.

2. Defendant Group, is a corporation, limited liability company, partnership or some other legal entity, which employed plaintiff in a non-managerial position from approximately December 1, 2021 until June, 17 2022. At all relevant times defendant Group employed at least fifteen employees for at least twenty weeks per year.

3. Defendant eXp, is a corporation, limited liability company, partnership or some other legal entity, which employed plaintiff in a non-managerial position from approximately December 1, 2021 until June, 17 2022. At all relevant times defendant eXp employed at least fifteen employees for at least twenty weeks per year.

4. Defendant Chris Nevada is an individual, who resides in Washoe County, State of Nevada.  At all times herein mentioned defendant Chris Nevada had an ownership interest in defendant Group and/or had a sufficiently high level of managerial authority so as to impute his knowledge, at the time of acquisition to defendant Group and to render his actions the actions of the Group.

5. This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada; defendants do substantial business in northern Nevada, e.g., they maintain a place of business in Washoe County, Nevada, at which all, or almost all, acts, statements and omissions which form the basis for this lawsuit occurred. Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3). Defendant Chris Nevada is believed to reside in Washoe County.

COMPLAINT AND JURY DEMAND - 2

6. This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. 2000e, et seq. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343. Jurisdiction exists relative to defendant Group and eXp because plaintiff is a woman who was subject to harassment, and subsequently retaliation "because of sex", as defined by 42 U.S.C. 2000e, et seq.

7. This Court has jurisdiction over Chris Nevada pursuant to 28 U.S.C. 1367 because the claims against Chris Nevada are so related to the claims against Group/eXp that they form part of the same case or controversy.

First Cause of Action

(Sexual Harassment)

8. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 6 inclusive, as well as all other allegations herein, as though they were fully stated. Only the Group and eXp are named per this cause of action.

9. Throughout almost the entirety of plaintiff's employment she was subject to a course of sexual harassment which a reasonable woman could readily have found sufficiently egregious and/or offensive to constitute a work environment permeated with sexual hostility. Plaintiff subjectively experienced her work environment to be hostile and/or offensive, "because of sex", as defined and/or prohibited by 42 U.S.C. 2000e, et seq. Plaintiff's work environment was rendered sexually hostile by the actions and statements of Chris Nevada. Chris Nevada's offensive conduct included, but was not limited to: Offers to take plaintiff on vacations and/or trips; inappropriate questions directed at plaintiff about her body; offensive questions as to plaintiff's personal relationships; offers to pay plaintiff for sex; remarks re how he likes or loves younger women because he can easily pay them for sex; questions re whether

plaintiff had had breast surgery; sexual remarks directed at and about other women, including other female employees; unwanted touching, e.g., hugs, which plaintiff considered offensive in context with Chris Nevada's sexual advances and offers of money for sex; a slap or slaps directed at plaintiff's posterior; attempts to kiss plaintiff; etc.; open displays of dating sites on a work computer, on the work premises, which Chris Nevada let it be known he used to "hook up" with women for sex; sexual conduct directed at other female employees on the work premises; an invitation or invitations to attend hot tub parties at his home, in conjunction with discussing plaintiff's lack of a boyfriend; discussions of Chris Nevada's interactions with prostitutes; and sexually oriented texts and other messages.

      10. Plaintiff complained to Chris Nevada and requested an apology re his inappropriate sexual conduct. Chris Nevada failed to apologize to plaintiff and instead criticized plaintiff for failing to better communicate and for otherwise coping with his inappropriate sexually oriented remarks and conduct.

      11. Any diminution or deficiency in plaintiff's work performance is directly attributable to the stress and/or distraction created by Chris Nevada's course of sexual harassment.

      12. Plaintiff was in fact, an employee as opposed to an independent contractor – as were other persons similarly situated. This is so as the result of the manner in which the Group/eXp controlled plaintiff's work environment, and plaintiff, and others similarly situated.

      13. Defendant Group/eXp, at all times, knew of Chris Nevada's conduct, i.e., the knowledge of Chris Nevada is subject to being immediately imputed to the Group/eXp, as of the time of acquisition of that knowledge, because of Chris Nevada's position and level of control over defendant Group/eXp.

COMPLAINT AND JURY DEMAND - 4

14. Plaintiff's employment was terminated by the Group in response to her opposition.

15. As a direct and proximate result of being sexually harassed, plaintiff suffered emotional distress, loss of enjoyment of life, associated sleep and physical symptoms, fear and/or apprehension and general distress. It has been necessary for plaintiff to incur costs and retain counsel in order to attempt to vindicate her federally protected right to a workplace free of sexual harassment and/or retaliation.

Second Cause of Action

(Retaliation)

16. Plaintiff hereby incorporates the allegations of paragraphs 1 through 14, inclusive, and all other paragraphs, as though the same had been fully set forth herein. Only the Group and eXp are named per this cause of action.

17. Plaintiff opposed Chris Nevada's sexual harassment, including his attempts to establish a sexual relationship with plaintiff. Alternatively, Chris Nevada mistakenly perceived plaintiff opposed sexual harassment. Plaintiff's employment was terminated in response to her opposition to sexual harassment perpetrated by Chris Nevada, or alternatively, based on Chris Nevada's mistaken perception plaintiff had engaged in such opposition. The Group and eXp are therefore liable per Title VII, i.e., 42 U.S.C. 2000e, et seq.

18. As a direct and proximate result plaintiff suffered economic damages and was otherwise injured and/or harmed as described herein.

Third Cause of Action

(Battery)

COMPLAINT AND JURY DEMAND - 5

19. Plaintiff hereby incorporates the allegations of paragraphs 1 through 17, inclusive, and all other paragraphs, as though the same had been fully set forth herein. Only Chris Nevada is named per this cause of action.

20. The touchings Chris Nevada engaged in constituted batteries, i.e., they were unwanted and unauthorized by plaintiff and were offensive. That is, they occurred in the context of Chris Nevada's offers of sex for money and his unwelcomed sexual advances directed at plaintiff.

21. Plaintiff was offended by numerous touchings engaged in by Chris Nevada and was injured and did suffer as alleged herein.

### Fourth Cause of Action

(Infliction of Emotional Distress)

22. Plaintiff hereby incorporates the allegations of paragraphs 1 through 20, inclusive, as though the same had been fully set forth herein, as well as all other allegations stated herein. This cause of action is brought only against Chris Nevada.

23. Shortly after plaintiff commenced employment with the Group/eXp, Chris Nevada became aware plaintiff was most likely psychologically vulnerable to sexual predation and/or abuse/unwanted advances.

24. While possessing such knowledge of plaintiff's vulnerability Chris Nevada repeatedly subjected plaintiff to unwanted sexual advances and offensive sexual statements and conduct, as described herein.

25. Chris Nevada acted with the intent, or with reckless disregard, so as to inflict intense and severe psychological stress and/or trauma upon plaintiff, and he succeeded in doing so. Chris Nevada compounded and amplified the distress he inflicted upon plaintiff via

COMPLAINT AND JURY DEMAND - 6

unwanted sexual advances and offensive sexual statements and conduct by terminating plaintiff's employment - and thereby inflicting additional emotional distress. Chris Nevada acted with the intent to inflict severe emotional distress and/or with reckless disregard as to whether such was inflicted upon plaintiff.

26. As a direct and proximate result plaintiff was injured and did suffer as alleged herein.

### Fifth Cause of Action

(Malicious Interference with Prospective Economic Advantage)

27. Plaintiff hereby incorporates the allegations of paragraphs 1 through 25, inclusive, as though the same were fully stated herein. Only Chris Nevada is named per this cause of action.

28. Chris Nevada terminated plaintiff's employment, and/or plaintiff's economic relationship with defendant Group (plaintiff alleges she was an employee, but defendants may contend plaintiff was an independent contractor), based on a reason violative of public policy. That is, Chris Nevada terminated plaintiff's employment/economic relationship because plaintiff refused to enter into a sexual relationship with him and otherwise opposed the sexual harassment he directed at plaintiff. Chris Nevada acted with malice, for an improper purpose, and succeeded thereby in causing plaintiff economic harm.

29. As a direct and proximate result, plaintiff was injured and did suffer as alleged herein. Plaintiff also suffered economic harm, i.e., loss of income.

WHEREFORE, plaintiff requests the following relief:

1. For awards of compensatory damages;

2. For awards of punitive damages;

COMPLAINT AND JURY DEMAND - 7

3.  For awards of costs and a reasonable attorney's fee;

4.  For an award of economic damages according to proof; and

5.  For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendants to enforce a reasonable policy against sexual harassment and/or policies against sexual/gender harassment, retaliatory harassment, and retaliation which the Group, eXp, and Chris Nevada claim to enforce.

Dated this 16th day of January, 2024.

**LAW OFFICE OF MARK MAUSERT**

By: /s/ Mark Mausert
Mark Mausert
Sean McDowell, Esq.
729 Evans Avenue
Reno, NV 89512

*Attorneys for Plaintiff*

COMPLAINT AND JURY DEMAND - 8

**INDEX OF EXHIBITS**

November 9, 2023 Issued Notice of Right to Sue……………………………………Exhibit 1