1  JEFFREY D. WINCHESTER
   Nevada Bar. 10279
2  JESSICA BEELER
   Nevada Bar. 15387
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   6385 South Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   Telephone: 702.693.4396
5  E-Mail: Jeffrey.Winchester@lewisbrisbois.com
   E-mail: Jessica.Beeler@lewisbrisbois.com
6
   WILLIAM E. PALLARES
7  (Pending *Pro hac vice*)
   KYLE MALAND
8  (Pending *Pro hac vice*)
   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
9  633 West 5th Street, Suite 4000
   Los Angeles, California 90071
10 Telephone: 213.250.1800
   Facsimile: 213.250.7900
11 E-Mail: William.Pallares@lewisbrisbois.com
   E-Mail: Kyle.Maland@lewisbrisbois.com
12
   Attorneys for Defendant eXp REALTY, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| MISTY CARTER, | Case No. 3:24-cv-00025-MMD-CSD |
| Plaintiff, | **DEFENDANT eXp REALTY, LLC'S ANSWER TO PLAINTIFF MISTY CARTER'S COMPLAINT** |
| vs. | |
| CHRIS NEVADA, P.C. d/b/a NEVADA REAL ESTATE GROUP, EXP REALTY, LLC, and CHRIS NEVADA, | |
| Defendants. | |

Defendant eXp Realty, LLC ("eXp") answers Plaintiff Misty Carter's ("Plaintiff") Complaint (ECF No. 1) as follows:

**Parties, Venue, Jurisdiction and Jury Demand**

1. eXp lacks sufficient knowledge or information sufficient to admit or deny the

136843157.1   1   Case No. 3:24-cv-00025-MMD-CSD
eXp REALTY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1  allegations contained in paragraph 1.  Based thereon, eXp denies the remaining allegations
2  contained in paragraph No. 1.
3      2.     eXp lacks sufficient knowledge or information sufficient to admit or deny the
4  allegations contained in paragraph 2.
5      3.      eXp admits that it is a limited liability company and denies it is a corporation,
6  partnership, or "some other legal entity."   eXp admits that it employed at least fifteen employees
7  for at least twenty weeks per year.  eXp denies the remaining allegations contained in paragraph
8  No. 3 and specifically denies that it employed plaintiff during the alleged time.
9      4.     eXp admits that Chris Nevada is an individual who resides in the State of Nevada
10 but lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations
11 contained in paragraph 4.  Based thereon, eXp denies the remaining allegations contained in
12 paragraph No. 4.
13     5.     eXp lacks sufficient knowledge or information sufficient to admit or deny the
14 allegations contained in paragraph 5.  Based thereon, eXp denies the allegations contained in
15 paragraph No. 5.
16     6.     eXp lacks sufficient knowledge or information sufficient to admit or deny the
17 allegations contained in paragraph 6.  Based thereon, eXp denies the allegations contained in
18 paragraph No. 6.
19     7.     eXp lacks sufficient knowledge or information sufficient to admit or deny the
20 allegations contained in paragraph 6.  Based thereon, eXp denies the allegations contained in
21 paragraph No. 7.

### First Cause of Action
### (Sexual Harassment)

24     8.     Paragraph 8 contains no factual allegations and, therefore, requires no response.
25     9.     eXp lacks sufficient knowledge or information sufficient to admit or deny the
26 remaining allegations contained in paragraph 9.  Based thereon, eXp denies the remaining
27 allegations contained in paragraph No. 9.
28     10.    eXp lacks sufficient knowledge or information sufficient to admit or deny the

1  remaining allegations contained in paragraph 10. Based thereon, eXp denies the allegations
2  contained in paragraph No. 10.
3      11.    eXp lacks sufficient knowledge or information sufficient to admit or deny the
4  remaining allegations contained in paragraph 11. Based thereon, eXp denies the allegations
5  contained in paragraph No. 11.
6      12.    eXp denies that eXp "controlled plaintiff's work environment" and denies that
7  Plaintiff was eXp's employee. Otherwise, eXp lacks sufficient knowledge or information
8  sufficient to admit or deny the remaining allegations contained in paragraph 12. Based thereon,
9  eXp denies the remaining allegations contained in paragraph No. 12.
10     13.    eXp denies that it "knew of Chris Nevada's conduct" or that "the knowledge of
11 Chris Nevada is subject to being immediately imputed to" eXp "as of the time of acquisition of
12 that knowledge". eXp denies that Chris Nevada had a "position and level of control" over eXp
13 both generally and specifically to the alleged context that Chris Nevada's knowledge would be
14 imputed to eXp. Otherwise, eXp lacks sufficient knowledge or information sufficient to admit or
15 deny the remaining allegations contained in paragraph 13. Based thereon, eXp denies the
16 remaining allegations contained in paragraph No. 13
17     14.    eXp lacks sufficient knowledge or information sufficient to admit or deny the
18 allegations contained in paragraph 14. Based thereon, eXp denies the allegations contained in
19 paragraph No. 14.
20     15.    eXp lacks sufficient knowledge or information sufficient to admit or deny the
21 allegations contained in paragraph 14. Based thereon, eXp denies the allegations contained in
22 paragraph No. 14. .

## Second Cause of Action

### (Retaliation)

23
24
25     16.    Paragraph 16 contains no factual allegations and, therefore, requires no response.
26     17.    eXp denies that it is liable to Plaintiff per Title VII, i.e., 42 U.S.C. 2000e, et seq.
27 Otherwise, eXp lacks sufficient knowledge or information sufficient to admit or deny the
28 remaining allegations contained in paragraph 17. Based thereon, eXp denies the remaining

1  allegations contained in paragraph No. 17.

2      18.    eXp denies the allegations contained in paragraph No. 18.

### Third Cause of Action

### (Battery)

5      19.    Paragraph 19 contains no factual allegations and, therefore, requires no response.

6      20.    eXp lacks sufficient knowledge or information sufficient to admit or deny the allegations contained in paragraph 20. Based thereon, eXp denies the allegations contained in paragraph No. 20.

9      21.    eXp lacks sufficient knowledge or information sufficient to admit or deny the allegations contained in paragraph 21. Based thereon, eXp denies the allegations contained in paragraph No. 21.

### Fourth Cause of Action

### (Infliction of Emotional Distress)

14      22.    Paragraph 22 contains no factual allegations and, therefore, requires no response.

15      23.    eXp denies that it ever employed Plaintiff. Otherwise, eXp lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 23. Based thereon, eXp denies the remaining allegations contained in paragraph No. 23.

19      24.    eXp lacks sufficient knowledge or information sufficient to admit or deny the allegations contained in paragraph 24. Based thereon, eXp denies the allegations contained in paragraph No. 24.

22      25.    eXp lacks sufficient knowledge or information sufficient to admit or deny the allegations contained in paragraph 25. Based thereon, eXp denies the allegations contained in paragraph No. 25.

25      26.    eXp denies the allegations contained in paragraph No. 26.

### Fifth Cause of Action

### (Malicious Interference with Prospective Economic Advantage)

28      27.    Paragraph 27 contains no factual allegations and, therefore, requires no response.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW



1      28.     eXp denies that Plaintiff was eXp's employee.  Otherwise, eXp lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 28.  Based thereon, eXp denies the remaining allegations contained in paragraph No. 28.

5      29.     eXp lacks sufficient knowledge or information sufficient to admit or deny the allegations contained in paragraph 29.  Based thereon, eXp denies the remaining allegations contained in paragraph No. 29.

## GENERAL AND AFFIRMATIVE DEFENSES

By way of further answer and by way of general and affirmative defense, eXp alleges and states as follows:

### FIRST AFFIRMATIVE DEFENSE

As a separate affirmative defense, eXp alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate affirmative defense, eXp alleges that Plaintiff's First Amended Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate affirmative defense, eXp alleges that Plaintiff's First Amended Complaint is barred by the doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, eXp alleges that Plaintiff's First Amended Complaint and the claims therein are barred or diminished by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, eXp alleges that Plaintiff's First Amended Complaint and the claims therein are barred or diminished by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, eXp alleges that Plaintiff's First Amended Complaint and the claims therein are barred by the doctrines of collateral estoppel, res judicata, equitable

estoppel and / or judicial estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that Plaintiff failed to use reasonable care to mitigate her alleged damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp did nothing that was the cause in fact or the proximate cause of the Plaintiff's alleged damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp did not violate any statute, code, regulation or legal duty as alleged in Plaintiff's First Amended Complaint, or at all.

**TENTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that the alleged actions of eXp, if any, were not accompanied by actual malice, intent or ill will.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp and the other defendants are not the agents, joint venturers, or joint employers of one another.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp has never owned or operated or managed defendant Chris Nevada, P.C. dba Nevada Real Estate Group ("Group") as alleged and/or inferred in Plaintiff's First Amended Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp does not employ anyone who works at Group as alleged and/or inferred in Plaintiff's First Amended Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp is not vicariously liable for any acts or omissions of the staff or owners of Group as alleged and/or inferred in Plaintiff's First Amended Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp is not, and has never been, Plaintiff's employer or joint employer, in that eXp has never:

 a. Hired or fired Plaintiff;

 b. Provided Plaintiff with the instrumentalities and tools for her work;

 c. Owned the location of her work;

 d. Assigned work to Plaintiff;

 e. Controlled Plaintiff's work schedule or work duties;

 f. Paid Plaintiff;

 g. Managed payroll and tax documents for Plaintiff;

 h. Provided Plaintiff with benefits;

 i. Acted as an agency to recruit Plaintiff to work for Group or any other employer.

(See, Nationwide Mut. Ins. Co. v. Darden 503 U.S. 318, 324 (1992) .)

Therefore, Defendant eXp is not the "employer" of Plaintiff for the purposes of Title VII (42 USC 2000e, *et seq.*) liability, or any other employer-based liability under Federal or State law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate affirmative defense, eXp alleges that eXp asserts that the injuries, damages, and violations alleged by Plaintiff (if any) were caused by persons, entities, or parties other than Defendant eXp.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent she failed to exhaust administrative remedies with respect to some or all of her claims and allegations and to obtain administrative authorization to file such claims in this Court.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

ExP acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and eXp's actions were not harassing, retaliatory, or otherwise actionable.

//



### NINETEENTH AFFIRMATIVE DEFENSE

All alleged actions taken by eXp against Plaintiff were based on legitimate nonretaliatory reasons unrelated to any alleged protected activity of Plaintiff. This defense is alleged in the alternative and should not be construed as an admission.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot show that her employment ended under circumstances giving rise to an inference of retaliation, harassment, or unlawful conduct. This defense is alleged in the alternative and should not be construed as an admission.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

eXp did not encourage, condone, approve or participate in any allegedly harassing or retaliatory conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because eXp did not engage in any harassing, retaliatory, or otherwise wrongful conduct with malice, recklessness, willful or wanton negligence, indifference to Plaintiff's rights or conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges any impermissible motivation in eXp's treatment of her, eXp would have taken the same action in the absence of such impermissible motivating factor. This defense is alleged in the alternative and should not be construed as an admission.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

eXp exercised reasonable care to prevent and promptly correct any harassing or retaliatory behavior, and Plaintiff unreasonably failed to take timely advantage of the preventive or corrective opportunities to avoid the harm complained of. This defense is alleged in the alternative and should not be construed as an admission.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

eXp maintained and enforced strict anti-harassment and anti-retaliation policies during the

1 time in which Plaintiff alleges sexual harassment and retaliation.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery because eXp did not engage in any conduct that was severe and/or pervasive such that it altered the conditions of Plaintiff's alleged employment with eXp to create a hostile and/or abusive working environment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

eXp's alleged activities undertaken with respect to Plaintiff, if any, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, nor capricious, nor unlawful. This defense is alleged in the alternative and should not be construed as an admission.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that eXp has presently and/or may acquire during the course of this litigation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the rights of eXp to procedural due process under the Fourteenth Amendment to the United States Constitution and under the laws of the State of Nevada and, therefore, fails to state a cause of action upon which punitive or exemplary damages may be awarded.



|   |   |
|---|---|
| | Respectfully submitted, |
| February 26, 2024 | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By  /s/Jeffrey D. Winchester
JEFFREY D. WINCHESTER
Nevada Bar No. 10279
JESSICA BEELER
Nevada Bar No. 15387
Attorneys for Defendant eXp REALTY, LLC

## DEMAND FOR JURY TRIAL

eXp hereby demands a jury trial.

|   |   |
|---|---|
| | Respectfully submitted, |
| February 26, 2024 | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By  /s/Jeffrey D. Winchester
JEFFREY D. WINCHESTER
Nevada Bar No. 10279
JESSICA BEELER
Nevada Bar No. 15387
Attorneys for Defendant eXp REALTY, LLC



# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 26th day of February, 2024, I did cause a true and correct copy of the foregoing **DEFENDANT eXp REALTY, LLC'S ANSWER TO PLAINTIFF MISTY CARTER'S COMPLAINT** to be served through the CM/ECF filing system upon the following:

Mark Mausert, Esq.
Sean McDowell, Esq.
729 Evans Avenue
Reno, Nevada 89512
Telephone: (775) 786-5477
Facsimile: (775) 786-9658
E-mail:
mark@markmausartlaw.com
sean@markmausartlaw.com

By  */s/  Jennifer Marigmen*
     an Employee of
     LEWIS BRISBOIS BISGAARD & SMITH LLP



136843157.1　　　　11　　　Case No. 3:24-cv-00025-MMD-CSD
eXp REALTY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT